IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIAM GORHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-051 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff; | ) | |
| LUCAS HEISE, Investigator; and | ) | |
| TRACI FERGUSON, Deputy Jailer, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 10). The Magistrate Judge recommended dismissing the case without prejudice as a sanction for Plaintiff providing dishonest information about his filing history. (See doc. no. 7.) Plaintiff does not deny he filed the undisclosed cases identified by the Magistrate Judge, but he asks that the Court excuse his mistake. The Court declines to do so.

The plain language of the complaint form explains a prisoner plaintiff must disclose his prior filing history with respect to cases dealing with the same facts as the current action or otherwise relating to the prisoner plaintiff's conditions of imprisonment. (Doc. no. 1, pp. 13-14.) Thus, Plaintiff's objection that the undisclosed cases do not deal with the same facts

as the current matter provides no basis to alter the Magistrate Judge's correct analysis Plaintiff did not provide a truthful prior filing history.

Plaintiff also contends his dishonesty should be excused because of a prior head injury, years of drug and alcohol abuse, and mental health issues. (Doc. no. 10, p. 1.) The argument rings hollow in light of his ability to recall and list in his complaint a three-hour window of time on an exact date in 2017 when the events described allegedly occurred. (Doc. no. 1, p. 5.) In fact, his statement of claim provides details down to the minute of when certain Defendants allegedly took certain actions regarding a cell phone for which Plaintiff is able to provide a model number and device identification number. (Id. at 7-8.) Plaintiff's explanation is further undermined by his ability to file a motion for injunctive relief describing specific requests, on specific dates and during specific shifts, to various deputy jailers for access to a pencil sharpener.[1] (See doc. no. 9.)

As the case law cited in the Report and Recommendation makes clear, failing to disclose prior filing history will not be tolerated, and the Eleventh Circuit has repeatedly approved of dismissing a case without prejudice as a sanction. (See doc. no. 7, pp. 3-4.) Should Plaintiff decide that he wants to pursue his claims in the future, nothing in this Order adopting the recommendation for dismissal puts any additional restrictions on Plaintiff's future filing activities beyond those already in place for any prisoner filing a new case in federal court.

---

[1]Because this Order dismisses the entire case, the motion for injunctive relief is **DENIED AS MOOT**. (Doc. no. 9.) In any event, the Court observes Plaintiff's ability to communicate with the Court was not hampered by any trouble gaining access to a pencil sharpener, as evidenced by the ability to file the motion for injunctive relief, as well as to file the objections discussed herein.

2

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without prejudice as a sanction for Plaintiff's abuse of the judicial process, and **CLOSES** this civil action.

SO ORDERED this 7th day of June, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA